■ WILLIAM J. SCHIECK, Appellant, v KATHLEEN SCHIECK, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated March 7, 1986, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Zelman, J.), dated October 8, 1987, which denied his motion to dismiss a postjudgment application by which the defendant wife sought vacatur of a provision of the judgment of divorce, which directed that each party shall retain all rights in and to his or her respective pension.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the application is denied.

Stipulations of settlement meet with judicial favor, particularly where, as here, the terms thereof are read into the record in open court and the party seeking to vacate the stipulation was represented by counsel (see, Ianielli v North Riv. Ins. Co., 119 AD2d 317, lv denied 69 NY2d 606). Absent a showing of fraud, mistake, duress or overreaching such stipulations will not be disturbed by the court (Alexander v Alexander, 112 AD2d 121). At bar the defendant contends that the terms of the stipulation regarding the parties' pension rights were not sufficiently definite and that there was no meeting of the minds by the parties. While the stipulation as initially read into the record could possibly be interpreted two ways,

an examination of the record as a whole clearly establishes that the parties intended that their children be named beneficiaries of any pension moneys due on the death of either party *(see, Kraker v Roll,* 100 AD2d 424, 436). Finally, regardless of whether or not the stipulation as it applies to the plaintiff, a New York City Transit Police Detective, will serve to defeat the claim of a later-designated beneficiary *(see, Caravaggio v Retirement Bd. of Teachers' Retirement Sys., 36 NY2d 348; but see, McDermott v McDermott,* 119 AD2d 370, *appeal dismissed* 69 NY2d 1028), it constitutes a contractual promise enforceable against the plaintiff's estate *(see, Caravaggio v Retirement Bd. of Teachers' Retirement Sys., supra).*

We have considered the remaining contentions raised by the defendant and find them to be without merit. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.