(April 27, 1992)

■ DENNIS BURKART, Appellant, v MARIA I. BURKART, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated June 25, 1990, which, *inter alia,* granted the defendant wife's motion to set aside certain stipulations of settlement, and (2) an order of the same court, dated September 12, 1990, which denied the plaintiff's motion for reargument or, in the alternative, reformation of the stipulations of settlement.

Ordered that the order dated June 25, 1990, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated September 12, 1990, as denied reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the order dated September 12, 1990, is affirmed insofar as reviewed, without costs or disbursements.

It is well settled that stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel *(see, Bossom v Bossom,* 141 AD2d 794; *Schieck v Schieck,* 138 AD2d 691).* Absent a showing of fraud, overreaching, mistake, or duress, such stipulations will not be disturbed by the courts *(see, Bossom v Bossom, supra; Schieck v Schieck, supra; Alexander v Alexander,* 112 AD2d 121, 122).

The plaintiff contends that the Supreme Court erred in vacating the stipulations of settlement, and asserts that the stipulations were neither unfair nor unconscionable. We agree that the stipulations of settlement were neither unfair nor unconscionable *(see, Hardenburgh v Hardenburgh,* 158 AD2d 585; *Cantamessa v Cantamessa,* 170 AD2d 792; *cf., Weinstock v Weinstock,* 167 AD2d 394). However, we find that at the time the stipulations of settlement were entered into, the parties had failed to account for a key element of their agreement. No provision was included in either the written or oral stipulation of settlement that described how the mortgage on the marital residence would be satisfied when the defendant bought out the plaintiff's interest in the marital residence. Thus, the defendant unintentionally assumed the burden of paying off that debt in its entirety. The record reflects that the defendant entered into the stipulations believing that she and her husband would each be equally responsible for paying off

the mortgage. On the other hand, the plaintiff believed that the mortgage liability was already included in the buy-out price. Accordingly, the stipulations of settlement were properly vacated.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur. [As amended by order entered Feb. 11, 1993.]