■ MICHELE P. WORSNOP, Appellant, v HERBERT H. WORSNOP, Respondent. [612 NYS2d 626] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated May 10, 1991, which, *inter alia,* awarded her maintenance in the weekly sum of only $120 for one year and maintenance in the weekly sum of only $60 for one additional year.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by (1) deleting so much of the fourth decretal paragraph thereof as directs that the weekly maintenance payments in the sum of $120 continue for a period of one year and substituting therefor a provision directing that such payments continue for a period of two years, (2) deleting so much of the fourth decretal paragraph thereof as directs that the weekly maintenance payments in the sum of $60 continue for an additional year and substituting therefor a provision directing that such payments continue for an additional two years, and (3) adding thereto a provision directing the defendant husband to pay to the plaintiff wife as and for child support that portion of any investment income he might receive from the stock he holds in his family-owned businesses as would be payable under Domestic Relations Law § 240 (1-b); as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's assertions on appeal, the record does not indicate that the trial court failed to consider relevant factors and improvidently exercised its discretion when rendering its award of spousal maintenance and distributing the marital property (see, Domestic Relations Law § 236; *Majauskas v Majauskas,* 61 NY2d 481; *Rosenberg v Rosenberg,* 155 AD2d 428; *Cusimano v Cusimano,* 149 AD2d 397; *Wilner v Wilner,* 192 AD2d 524; *Sperling v Sperling,* 165 AD2d 338). Moreover, the court considered and rendered an award concerning the plaintiff's demand for payment of certain medical expenses.

Although the trial court did not improvidently exercise its discretion in failing to impute additional income to the defendant (see, e.g., Domestic Relations Law § 240 [1-b] [b] [5] [iv]), we modify the judgment by inserting a provision concerning income the defendant receives from certain stock he owns in the family businesses. While the testimony at trial revealed that income from this stock is sporadic and unpredictable, if and when such income is received, it must be treated as "investment income" pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (ii).

Finally, in light of the circumstances of this case, we find that the plaintiff wife should be awarded maintenance for a period of four years rather than two years as determined by the Supreme Court. In order to facilitate the plaintiff wife's re-entry into the work force, we believe it is more appropriate to award the weekly sum of $120 for two years, to be followed

by the weekly sum of $60 for an additional two years. We modify the judgment accordingly.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.