■ MARIA CARNICELLI (FREEMAN), Respondent, v MICHAEL J. CARNICELLI, Appellant. [613 NYS2d 702] —In a matrimonial action in which the parties were divorced by a judgment dated May 4, 1978, the defendant appeals from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated January 27, 1992, which, *inter alia,* directed his attorney to deliver the deed to the former marital residence to the plaintiff and denied his cross motion for partition and sale of the former marital residence, and (2) so much of an order of the same court, dated November 24, 1992, as granted the plaintiff's motion, *inter alia,* to direct the defendant's attorney to deliver the deed within 20 days, and, as, upon granting the defendant's cross motion for reargument, adhered to its original determination in the order dated January 27, 1992.

Ordered that the appeal from the order dated January 27, 1992, is dismissed, as that order was superseded by the order dated November 24, 1992; and it is further,

Ordered that the order dated November 24, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is directed to reimburse to the defendant all moneys she received from him pursuant to the stay contained in the order of this Court dated September 23, 1993, plus an amount equal to those mortgage payments which the defendant made pursuant to the stay; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties' judgment of divorce dated May 4, 1978, provided that the plaintiff wife would have exclusive occupancy of the residential portion of the marital premises and the defendant husband would have exclusive occupancy of the office portion of the premises for his dental practice. Upon the emancipation of their youngest child, the property was to be sold and the proceeds equally divided. In 1986, when the youngest child was still an unemancipated minor, the defendant had accumulated child support arrears of approximately $17,000 and had incurred substantial personal debts. The parties entered into a stipulation in open court in which the plaintiff agreed to assist the defendant in obtaining a mortgage of $170,000 on the former marital premises, which he would then use to pay his debts. The defendant agreed to be solely responsible for the payment of the mortgage. Pursuant to the terms of the stipulation, the defendant executed a bargain and sale deed transferring his interest in the property to the plaintiff, which was to be held in escrow by his attorney as security for his payment of the mortgage. In the event that the defendant defaulted on the mortgage payments, and failed to pay the arrears upon the plaintiff's demand, the deed was to be delivered to her.

In October 1990 the plaintiff moved to direct the defendant's attorney to deliver the deed based on the defendant's failure to make any mortgage payments since the beginning of the year. The plaintiff alleged that she learned of his default after foreclosure proceedings had already been commenced. She paid the arrears in order to prevent a foreclosure, and, despite her demand, the defendant failed to reimburse her. The defendant cross-moved for partition and sale of the former marital premises based on his claim that their youngest child became emancipated in November 1989, and, therefore, the property should have been placed on the market and sold prior to his default.

The court did not err in granting the plaintiff's motion. An

oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect. The role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as a whole (see, State of New York v Warren Bros. Co., 190 AD2d 728; Thomas-Burton v Thomas, 188 AD2d 459). The parties clearly intended that the defendant would forfeit his interest in the former marital premises if he failed to meet his obligation to pay the mortgage.

The defendant contends that the plaintiff was not entitled to delivery of the deed because she failed to comply with the terms of the stipulation in that he was not given notice of his default and 45 days to cure before she demanded the deed. We agree with the Supreme Court, however, that a letter to the defendant dated August 16, 1990, was sufficient to notify him of his default. Although the plaintiff demanded the deed in the letter, she did not pursue that demand until early October 1990, when the defendant's attorney was given a deadline of October 12, 1990, for delivery of the deed. The defendant therefore had more than 45 days to cure his default. Nevertheless, he failed to reimburse the plaintiff for the mortgage arrears. We do not find that the result reached in this matter is inequitable, as the defendant received the major portion of his equity in the former marital premises in 1986, several years before the judgment of divorce required the premises to be sold.

The court did not err in rejecting the defendant's belated claim in his cross motion that the premises should be sold, as he failed to seek such relief until many months after he defaulted on the mortgage payments. Moreover, there is no evidence in the record that he attempted to enforce this provision in the judgment of divorce prior to his default.

In view of our determination that the deed should be delivered to the plaintiff, it is appropriate to require her to reimburse the defendant for payments he made in compliance with a stay issued by this Court on September 23, 1993. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.