■ In the Matter of MARYTHERESE M., Appellant, v LEE W., Respondent. [624 NYS2d 242] —In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), dated May 17, 1993, which denied her motion to set aside a stipulation of settlement and to restore the matter to the trial calendar.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

After the petitioner's DNA evidence was deemed inadmissible by the court, the parties, in open court, entered into an oral stipulation of settlement (hereinafter the agreement) pursuant to Family Court Act § 516. Under the terms of the agreement there would be no finding or admission of paternity. Nevertheless the respondent agreed to pay the petitioner $125 per week for the support of the child which would be in full satisfaction of any claim the petitioner had for the support and education of the child.

Before a written agreement was executed, the petitioner moved to vacate the agreement. The court denied the motion in an order dated May 17, 1993. Thereafter, on August 3, 1993, a formal order was issued approving the agreement upon the court's finding that adequate provisions had been made for the support of the child. The agreement was further approved by the Orange County Department of Social Services.

On appeal, the petitioner, appearing *pro se,* essentially argues that the agreement should be set aside as unconscionable as it does not provide adequate support for the child in the future.

Stipulations of settlement made in open in court are favored by the courts and are not lightly cast aside *(see, Matter of Galasso,* 35 NY2d 319; *Burkart v Burkart,* 182 AD2d 798). Since the petitioner has failed to show that there was any fraud, overreaching, mistake, or duress in reaching the parties' agreement, we refuse to set it aside *(see, Bossom v Bossom,* 141 AD2d 794; *Schieck v Schieck,* 138 AD2d 691). In addition, absent nonperformance, the agreement precludes the petitioner and child from commencing subsequent proceedings seeking additional support for the child *(see,* Family Ct Act § 516 [c]; *Matter of ABC v XYZ,* 50 Misc 2d 792).

The child may pursue her substantial other rights *(see, Matter of ABC v XYZ, supra;* EPTL 4-1.2 [a] [2]) if so advised. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.