■ ANNA REITER, Respondent, v HENRY REITER, Appellant. [717 NYS2d 288] —In a matrimonial action in which the parties were divorced by a judgment dated December 12, 1995, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated January 13, 1999, as granted that branch of the plaintiff's motion which was for leave to enter a judgment against him for arrears in maintenance pursuant to the terms of their separation agreement, (2) from a judgment of the same court entered February 17, 1999, upon the order dated January 13, 1999, which is in favor of the plaintiff and against him in the principal sum of $77,050.11, (3), as limited by his brief, from so much of an order of the same court dated October 22, 1999, as, upon granting his cross motion, in effect, for renewal, adhered to its original determination in the order dated January 13, 1999, and (4) from a judgment of the same court entered December 28, 1999, which, upon an order of the same court dated October 18, 1999, *inter alia*, granting that branch of the plaintiff's motion which was for leave to enter a judgment against him for additional arrears in maintenance through July 31, 1999, is in favor of the plaintiff and against him in the principal sum of $63,650.

Ordered that the appeal from the order dated January 13, 1999, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment entered February 17, 1999, and the order dated October 22, 1999, are affirmed, without costs or disbursements; and it is further,

Ordered that the judgment entered December 28, 1999, is modified, on the law, by deleting therefrom the sum of $63,650 and substituting therefor the sum of $31,122.58; as so modified, the judgment is affirmed, without costs or disbursements, and the order dated October 18, 1999, is modified accordingly.

The appeal from the intermediate order dated January 13, 1999, must be dismissed because the right of direct appeal therefrom terminated with entry of the February 17, 1999, judgment (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment entered February 17, 1999 (*see,* CPLR 5501 [a] [1]).

The parties entered into a separation agreement on October 10, 1995, after a 27-year marriage. The agreement provided, *inter alia,* that for a period of three years following the execution of the agreement, the defendant would "be responsible for supplementing the [plaintiff's] income with that portion of his

own income, from all sources, so that, and only to the extent that, the parties shall then receive equal incomes." Accordingly, the defendant's obligation to supplement the plaintiff's income terminated as of October 9, 1998, and the Supreme Court erred in allowing the plaintiff to enter judgment against the defendant for additional arrears for the period of October 10, 1998, through July 31, 1999.

In determining the amount of the monthly supplement, however, the Supreme Court providently exercised its discretion in imputing income of $8,000 per month to the defendant (*see, Worsnop v Worsnop,* 204 AD2d 624).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.