■ In the Matter of Lillian A. Weiss, Respondent, v John A. Weiss, Appellant. [735 NYS2d 582] —In a proceeding pursuant to Family Court Act article 4, John A. Weiss appeals from an order of the Family Court, Orange County (Klein, J.), dated March 6, 2001, which denied the objections to an order of the same court (Mandell, H.E.), dated September 19, 2000, which, *inter alia,* dismissed his cross petition for leave to enter a judgment for overpayment of spousal support.

Ordered that the order is affirmed, with costs.

As part of their stipulation made in open court, settling their divorce action, the parties agreed that if the petitioner, "becomes employed and her income is $20,000 or more," her maintenance would be reduced. We reject the appellant's contention that in determining whether he was entitled to enter a judgment for overpayment of spousal support the Family Court should have applied the broad definition of income contained in Internal Revenue Code (26 USC) § 61 to the parties' stipulation. An oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect. The role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as a whole (*see, Carnicelli v Carnicelli,* 205 AD2d 726; *see also, De Gaust v De Gaust,* 237 AD2d 862). In addition, "[w]hen a court analyzes a stipulation which has more than one possible meaning, and where one or more of the possible interpretations will result in a consequence which the proof might not sustain and which seems unusual in the circumstances of the case, the court should be careful not to apply the broader interpretation absent a clear manifestation of intent" (*Kraker v Roll,* 100 AD2d 424, 438). Here, given the language of the stipulation, there is simply nothing to suggest a clear manifestation of intent by the parties to apply the broad definition of income contained in Internal Revenue Code (26

USC) § 61 to the stipulation. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.