■ MICHAEL PELLINO, Respondent, v GLORIA PELLINO, Appellant. [764 NYS2d 478] —In a matrimonial action in which the parties were divorced by judgment entered December 15, 2000, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered September 4, 2002, as denied those branches of her motion which were to compel the plaintiff former husband to transfer to her one half of a federal income tax refund check, one half of the portion of his 1997 earnings that were retained by the corporations in which he had an interest, one half of his estimated 1998 income he earned before the commencement of the action, and the sum of $15,000 in maintenance payments allegedly due and owing to her.

Ordered that the order is affirmed insofar as appealed from, with costs.

An oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract, and is governed by general contract principles for its interpretation and effect (see Argento v Argento, 304 AD2d 684 [2003]; Carnicelli v Carnicelli, 205 AD2d 726, 727-728 [1994]). The role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as a whole (see Argento v Argento, supra; Carnicelli v Carnicelli, supra). In addition, " '[w]hen a court analyzes a stipulation which has more than one possible meaning, and where one or more of the possible interpretations will result in a consequence which the proof might not sustain and which seems unusual in the circumstances of the case, the court should be careful not to apply the broader interpretation absent a clear manifestation of intent' " (Matter of Weiss v Weiss, 289 AD2d 498 [2001], quoting Kraker v Roll, 100 AD2d 424, 438 [1984]). Moreover, a court should not, under the guise of interpretation, make a new contract for the parties (see McWade v McWade, 253 AD2d 798, 799 [1998]; Sklerov v Sklerov, 231 AD2d 622 [1996]).

In the present case, the parties entered into a comprehensive settlement agreement which fully resolved the distribution of the marital property, except for a single financial asset, which was the subject of a trial and a prior appeal (*see Pellino v Pellino,* 295 AD2d 330 [2002]). The stipulation of settlement provided for an equal division of the marital assets. Since the stipulation made no provision for the distribution of the plaintiff's estimated 1998 income earned before the commencement of the action or the distribution of a federal income tax refund check which was used to pay the plaintiff's 1998 estimated taxes, the Supreme Court properly refused to direct the distribution and transfer of those assets (*see Cole-Hatchard v Cole-Hatchard,* 294 AD2d 529 [2002]; *De Gaust v De Gaust,* 237 AD2d 862 [1997]). Furthermore, the defendant failed to establish that part of the plaintiff's 1997 income, which was retained by the two close closely-held corporations in which he had an interest, was a marital asset subject to distribution.

The defendant's remaining contention is without merit. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.