■ In the Matter of SHEILA DONATO, Respondent, v PETER A. DONATO, Appellant. [841 NYS2d 660]—

In a support proceeding pursuant to Family Court Act article 4, Peter Donato appeals from an order of the Family Court, Westchester County (Klein, J.), entered August 23, 2006, which denied his objection to an order of the same court (Jordan, S.M.), entered March 3, 2006, which, after a hearing, inter alia, granted the petition of Sheila Donato to enforce his maintenance obligation contained in a stipulation of settlement dated June 11, 1999, which was incorporated but not merged into a judgment of divorce dated December 13, 1999, and for maintenance arrears, and denied his cross petition to terminate his maintenance obligation.

Ordered that the order is affirmed, with costs.

In a matrimonial action, the parties to the instant proceeding entered into a stipulation of settlement in open court, which was incorporated but not merged into the judgment of divorce. The stipulation of settlement obligated the appellant Peter Donato to pay maintenance to the petitioner Sheila Donato. Pursuant to the stipulation of settlement, "[t]he parties agree[d] that the [appellant's] obligation for the payment of spousal maintenance may terminate upon the following events: . . . [petitioner] obtaining a job that would pay her $30,000." Relevant to that obligation, the parties agreed that, "upon the [appellant's] request, once per year the [petitioner] shall provide the [appellant] with a copy of her W-2 statement in order to substantiate what her income is."

The petitioner commenced this proceeding to enforce the appellant's maintenance obligation and for maintenance arrears. The appellant cross-petitioned to terminate the obligation, based on his contention that the petitioner's job paid her more than the sum of $30,000 per year. After a hearing, a support magistrate granted the petition and denied the cross petition. The Family Court denied the appellant's objections to that determination. We affirm.

The parties' stipulation of settlement is a contract, subject to the principles of contract construction and interpretation (*see Rivers v Rivers*, 35 AD3d 426, 428 [2006]; *Pellino v Pellino*, 308 AD2d 522 [2003]). The appellant's contention that the petitioner's income should be calculated pursuant to the definition articulated in Family Court Act § 413 (1) (b) (5) (i)-(vi) and Domestic Relations Law § 240 (1-b) (b) (5) (i)-(vi) is rebutted by the plain terms of the stipulation of settlement, which provide that the petitioner's W-2 form was to be the basis for proof of the petitioner's income (*see Matter of Weiss v Weiss*, 289 AD2d 498 [2001]). In any event, on the record presented, the Support Magistrate neither improvidently exercised her discretion nor impermissibly re-wrote the parties' stipulation by declining to impute income to the petitioner for certain benefits paid by her employer (*see Worsnop v Worsnop*, 204 AD2d 624 [1994]). That determination is entitled to great deference since the Support Magistrate was in the best position to assess the credibility of the witnesses and the evidence proffered (*see Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *Matter of Penninipede v Penninipede*, 6 AD3d 445 [2004]). In sum, the Support Magistrate's determination that the petitioner had not obtained a job that would pay her the sum of at least $30,000 within the meaning of the parties' stipulation of settlement is supported by the record, and the Family Court properly denied the appellant's objections to that determination (*see Matter of Musarra v Musarra, supra*; *Matter of Falk v Owen*, 29 AD3d 991 [2006]; *Matter of Penninipede v Penninipede, supra*).

The appellant's remaining contentions are without merit. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.