■ LOUISE LACORAZZA, Respondent, v JOSEPH LACORAZZA, Appellant. [851 NYS2d 231]—

In a matrimonial action in which the parties were divorced by judgment dated April 1, 1995, the defendant appeals from an order of the Supreme Court, Kings County (Krauss, J.), dated July 18, 2006, which (1) granted the plaintiff's motion to confirm the report of a Judicial Hearing Officer dated November 23, 2005, recommending that the plaintiff's motion to vacate a qualified domestic relations order dated June 18, 1996, be granted and finding that the plaintiff was entitled to 50% of his benefits under his retirement pension plan, (2), in effect, granted the plaintiff's motion to vacate the qualified domestic relations order, and (3) denied his cross motion to reject the report and, in effect, to enforce the qualified domestic relations order.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion to confirm the report of the Judicial Hearing Officer is denied, the plaintiff's motion to vacate the qualified domestic relations order is denied, and the defendant's cross motion to reject the report and, in effect, to enforce the qualified domestic relations order dated June 18, 1996, is granted.

At a conference before the Supreme Court in January 1996, the parties in the matrimonial action had entered into a stipulation of settlement wherein they agreed, inter alia, to "enter into a [Qualified Domestic Relations Order] [hereinafter QDRO] on fifty-fifty split of the defendant's pension from the New York City Police Department." In 1996 the plaintiff and the defendant, who was then a detective with the New York City Police Department (hereinafter Police Department), were divorced. Thereafter, the defendant continued his employment with the Police Department until 2005 when he retired. On April 1, 1996 a judgment of divorce had been entered which incorporated, but did not merge, the terms of the settlement and which provided, in part, "pursuant to the parties' stipulation the plaintiff shall be entitled to 50% of the defendant's benefits under the pension plan . . . the parties further agree that a QDRO shall be drawn which will contain the terms of the agreement herein." On June 18, 1996, the plaintiff's attorney submitted a QDRO which, inter alia, provided that "pursuant to stipulation, the [defen-

dant's] retirement benefits with the New York City Police Department, to the extent to which it has accrued during the marriage, is marital property . . . [and] at such time as the [defendant] has retired . . . the New York City Police Pension Fund [is to pay the plaintiff] the sum of $17,500 annually." It is undisputed that this sum represented 50% of the then present value of the defendant's pension as determined by the plaintiff's own pension appraiser. The plaintiff voiced no objection to the QDRO when it was submitted to the court. However, when the defendant retired nine years later in 2005, the plaintiff moved to vacate the QDRO and for leave to enter an amended QDRO conforming to the judgment of divorce. The Supreme Court referred the motion to a Judicial Hearing Officer (hereinafter the JHO), who concluded that "the judgment of divorce and the stipulation of settlement incorporated herein to survive is clear and unambiguous . . . and the [plaintiff] is entitled to 50% of the defendant's benefits under his pension plan, as she requests" (i.e., 50% of the benefits as valued on the date of retirement). The Supreme Court thereafter confirmed the report and, inter alia, directed the plaintiff's counsel to submit a "QDRO in conformance with the JHO's report." We reverse.

"An oral stipulation of settlement that is made in open court . . . is enforceable as a contract and is governed by general contract principles for its interpretation and effect; [t]he role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as whole" (*Matter of Weiss v Weiss*, 289 AD2d 498 [2001]; *see Carnicelli v Carnicelli*, 205 AD2d 726 [1994]). Here, the stipulation and the judgment of divorce could be read as entitling the plaintiff to 50% of the defendant's pension benefits as of the date of the divorce or as of the date of the defendant's retirement. However, examination of the record as a whole reveals that the parties intended that the plaintiff was to receive 50% of the defendant's pension benefits when the defendant retired, based upon the value of the pension at the time of the divorce in 1996 (*see Schieck v Schieck*, 138 AD2d 691 [1988]; *Kraker v Roll*, 100 AD2d 424 [1984]; *see also Bianco v Bianco*, 21 AD3d 918 [2005]). None of the evidence established that the parties intended that the plaintiff would receive a share of the defendant's pension benefits which accrued subsequent to the divorce (*see Ernst v Ernst*, 8 AD3d 331 [2004]). Indeed, the QDRO which was prepared by the plaintiff's former attorney, and was based upon an appraisal of the then present day value of the pension in 1996, specifically set forth a set amount which the plaintiff was to receive as her 50% share of the defendant's pension benefits. Contrary to the plaintiff's contention, it was not clear that she

was entitled to 50% of the total pension benefits as valued at the time when the pension went into pay status. In fact, if this were true, there would have been no need for the plaintiff to have conducted a pension appraisal in 1996. Additionally, the amount of the plaintiff's share of the defendant's benefits could not have been fixed in the QDRO since the total value of the pension would then have been unknown. In any event, we note that the plaintiff is guilty of laches since she waited nine years to move to vacate the QDRO, despite the fact that she clearly was aware of its terms immediately after the parties were divorced.

Under these circumstances, it was error to conclude that the plaintiff was entitled to 50% of the defendant's pension as it was valued on the date of his retirement (*see Ernst v Ernst*, 8 AD3d 331 [2004]; *see also Silber v Silber*, 99 NY2d 395 [2003], *cert denied* 540 US 817 [2003]). Accordingly, the plaintiff's motion to confirm the report of the JHO should have been denied, the plaintiff's motion to vacate the QDRO dated June 18, 1996, should have been denied, and the defendant's cross motion to reject the report of the JHO and, in effect, to enforce the QDRO, should have been granted.

In light of our determination, it is unnecessary to reach the defendant's remaining contentions. Santucci, J.P., Miller, Lifson and Covello, JJ., concur.