■ DANIEL A. KOPPIE, Respondent, v JOSEPHINE G. KOPPIE, Appellant. [880 NYS2d 94]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated August 20, 2007, on the ground that those portions inaccurately incorporated the provisions of a stipulation of settlement entered between the parties on September 27, 2006.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant wife claims that the provision of the judgment of divorce which governs the division of proceeds from the future sale of the marital residence is inconsistent with the parties' stipulation of settlement. "An oral stipulation of settlement that is made in open court . . . is enforceable as a contract and is governed by general contract principles for its interpretation and effect[; t]he role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as a whole" (*Matter of Weiss v Weiss*, 289 AD2d 498 [2001]; *see Lacorazza v Lacorazza*, 47 AD3d 897, 898 [2008]; *Carnicelli v Carnicelli*, 205 AD2d 726, 727-728 [1994]). Here, the parties' stipulation of settlement provided, inter alia, that the parties would refinance the marital residence together, and that the plaintiff husband would receive the sum of $82,500 of the proceeds realized from refinancing. Although the stipulation did not clearly specify how the proceeds from any future sale of the marital residence would be divided or how they would affect equitable distributions, the record as a whole demonstrates that it was the intention of the parties to treat $50,000 of the $82,500 the plaintiff was to receive upon refinancing as an advance which would be deducted from his share of any future sale proceeds. This interpretation that the parties intended and agreed to treat $50,000 rather than the entire $82,500 as an advance is supported by the fact that the judgment of divorce was drafted and noticed for settlement by the defendant's own attorney. Accordingly, we reject the defendant's contention that the challenged provision of the judgment is contrary to the intent of the parties' stipulation of settlement (*see Lacorazza v Lacorazza*, 47 AD3d 897, 898-899 [2008]; *Schieck v Schieck*, 138 AD2d 691, 692 [1988]). Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.