■ PATRICIA LYNN N., Respondent, v VINCENT MICHAEL N., Appellant.—In a matrimonial action in which the parties were divorced by judgment dated October 20, 1986, the defen-

dant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered February 2, 1988, as granted a motion by the plaintiff wife for leave to enter a money judgment for accrued arrears of pendente lite maintenance and child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court may enforce a pendente lite order granting maintenance or child support by granting leave to enter a money judgment for arrears pursuant to Domestic Relations Law § 244, even where the application for such relief is made after the entry of the final judgment in the matrimonial action *(see, Siddiqui v Siddiqui,* 118 AD2d 846, 847; *Treherne-Thomas v Treherne-Thomas,* 267 App Div 509; *Wormley v Wormley,* 267 App Div 85; *see also, Mazer v Mazer,* 276 App Div 733, *mod on other grounds* 301 NY 774; *White v White,* 205 Misc 1042; 19A Carmody-Wait 2d, NY Prac § 118:111). This rule must be distinguished from the rule which precludes enforcement of a pendente lite order by way of civil contempt after the termination of the matrimonial action *(see, Polizotti v Polizotti,* 305 NY 176, *revg* 280 App Div 229; *Weaver v Weaver,* 72 AD2d 221; *Prothers v Prothers,* 283 App Div 747; *Mittman v Mittman,* 263 App Div 384; 19A Carmody-Wait 2d, NY Prac § 118:111). To the extent that this distinction was not observed in the decision of this court in *Sorkin v Sorkin* (111 AD2d 845, 846), we overrule that case. Further, we decline to follow the decision of the Appellate Division, First Department, in *Perrotta v Perrotta* (149 AD2d 317). We have examined the appellant's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.