■ EDWARD A. GREENBERG, Respondent, v OLIVIA S. GREENBERG, Appellant. [630 NYS2d 722] —Judgment of the Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about October 19, 1993, amending and resettling a judgment of divorce entered December 18, 1989 pursuant to an order dated July 19, 1993 which, *inter alia*, (1) denied defendant's application to set aside the stipulation of settlement dated October 4, 1989 or, in the alternative, to hold a hearing on the issue of fraud; (2) resettled the divorce judgment to correct an error in the number of weeks maintenance is to be paid; (3) denied defendant's request for a judgment for arrears under a temporary support order; (4) denied defendant's request for a hearing regarding the source of income included under the excess earnings provision of the judgment; and (5) denied defendant's application to "renew and reargue" the issue of child support and maintenance, unanimously modified, on the law, to the extent of remanding the matter to Supreme Court for a hearing with respect to whether plaintiff's arrears, pursuant to an order for maintenance pendente lite, were intended to be waived by the stipulation of settlement and for determi-

nation of the amount due, if any, and, except as so modified, affirmed, without costs.

The parties were married on October 27, 1974 and have one male child, born October 12, 1977. On October 4, 1989, they stipulated in open court to settle all issues in their action for divorce. Judgment was entered pursuant to the agreement, which provides, "The terms of the Stipulation entered on the record before the undersigned [Justice] on October 4, 1989 shall be incorporated by reference in this Judgment." The agreement placed upon the record, however, was not clear in all respects, and the judgment entered upon the agreement conflicted with the stipulated period of time maintenance is to be paid by plaintiff husband. On June 2, 1993, plaintiff moved, by way of order to show cause, to resettle the judgment to reflect the parties' agreement.

Defendant does not dispute that maintenance is to be paid, as stated in the stipulation on record, "for 72 months" (mistakenly incorporated into the divorce decree as "864 weeks" or some 200 months). It is beyond cavil that a court can resettle a judgment to correct a "mistake, defect or irregularity" (CPLR 5019 [a]; *Foley v Roche*, 68 AD2d 558, 566), and the application was properly addressed to the court which entered it (*Zelman v Lipsig*, 178 AD2d 298, 299).

The respective briefs indicate that Supreme Court *sua sponte* directed a hearing on defendant's motion to set aside the stipulation of settlement. Therefore, such part of Supreme Court's order dated July 19, 1993 as denied defendant's application "to resettle the Judgment of Divorce" has been superseded, appeal from that portion of the order is moot and consideration of issues that defendant might raise in the course of the hearing directed by Supreme Court must await appeal from its order disposing of defendant's application to vacate the settlement agreement.

Supreme Court denied defendant's application to reargue (denominated a motion to renew and reargue) its award of child support and maintenance. No appeal lies from the order to the extent that it denies reargument, and the determination that defendant should contribute to the support of her son, then in plaintiff's sole custody, is supported by the facts before the court.

It remains to determine if the court was correct to deny defendant's request for a judgment representing arrears for maintenance pursuant to a temporary order of support. In *Perrotta v Perrotta* (149 AD2d 317, 318, *lv dismissed* 74 NY2d 842), this Court ruled that "arrears for temporary support can-

not be obtained after the entry of the judgment of divorce". The determination in that case was based upon the holding in *Polizotti v Polizotti* (305 NY 176, 179), in which the Court of Appeals stated that the right to enforce payment of temporary alimony ceases when the action in which it was awarded is terminated by "settlement, abandonment, discontinuance, or dismissal of the complaint". However, it should be noted that, in the course of its analysis, the Court of Appeals distinguished its ruling from *Mazer v Mazer* (276 App Div 733, *mod* 301 NY 774), a case which held that an order for temporary alimony and orders of sequestration, contempt and commitment made during the pendency of a separation action did not fall upon entry of final judgment for the wife.

The authority relied upon by this Court in *Perrotta v Perrotta (supra)* has been eroded. In *Patricia Lynn N. v Vincent Michael N.* (152 AD2d 547), the Appellate Division, Second Department, overruled *Sorkin v Sorkin* (111 AD2d 845). In so doing, it drew a distinction between enforcement of a pendente lite order by way of civil contempt after termination of the matrimonial action, which is clearly prohibited, and enforcement of the pendente lite order after entry of the final judgment by grant of leave to enter a money judgment, which it held to be permissible. In *Matter of Smith v Smith* (191 AD2d 1010), the Appellate Division, Fourth Department, followed *Patricia Lynn N. (supra)*, and distinguished its holding in *Weaver v Weaver* (72 AD2d 221), a case also cited by this Court in *Perrotta (supra*, at 318).

Domestic Relations Law § 244 provides for entry of a judgment for arrears in payments directed to be made during an action for divorce, separation or annulment upon application of the aggrieved party to the court. Such relief "is in addition to any and every other remedy to which a spouse may be entitled under the law" (Domestic Relations Law § 244), a category that may be construed to include the final judgment in a divorce action. In any event, as a matter of public policy, the failure to comply with a court order during the pendency of an action should not be rewarded by relieving the party directed to make payment of his liability once the matter is terminated by entry of a final judgment. We therefore overrule *Perrotta v Perrotta (supra)* and adopt the view represented by the respective decisions of the Appellate Divisions, Second and Fourth Departments, in *Patricia Lynn N. v Vincent Michael N. (supra)* and *Matter of Smith v Smith (supra)*.

The arrears claimed by defendant to be due to her under the temporary order of support are alleged by plaintiff to have

been waived in the parties' settlement agreement. Other arrears claimed by defendant arise from income received by plaintiff during 1989. This income is asserted to be subject to a provision requiring payment of 22% of plaintiff's income in excess of $150,000 as additional maintenance. The source of income intended to be made subject to this provision is not clear from the terms of the stipulation, the stipulation is subject to vacatur should Supreme Court grant defendant's application to set it aside and plaintiff alleges that arrears under the pendente lite order were waived. Therefore, the amount of arrears owed by plaintiff, if any, must be resolved at a hearing before Supreme Court. Concur—Sullivan, J. P., Rubin, Asch, Nardelli and Tom, JJ.