■ NATALIE FODROWSKI, Appellant, v EDWARD FODROWSKI, Respondent. [643 NYS2d 181] —In a matrimonial action in which the parties were divorced by a judgment dated October 10, 1989, the plaintiff former wife appeals from an order of the Supreme Court, Suffolk County (Fierro, J.), dated December 5, 1994, which denied her motion (1) to direct the defendant former husband to maintain an annuity or insurance policy in place of pension survivor benefits, (2) to name the plaintiff the irrevocable beneficiary under the defendant's NYNEX life insurance, and (3) for attorney's fees.

Ordered that the order is affirmed, without costs or disbursements, without prejudice to the plaintiff commencing a plenary action to recover damages for the defendant's alleged breach of the stipulation of settlement dated May 11, 1989, which was incorporated by reference into the judgment of divorce.

The parties' stipulation of settlement dated May 11, 1989, provided, *inter alia,* that the plaintiff was to be the sole beneficiary of the survivor's benefits of the defendant's pension. The stipulation also provided that the failure by either party to exercise any rights thereunder shall not "constitute a waiver of such rights in the future" and that each party would "execute all documents necessary to accomplish the provisions of this agreement".

In order to protect the plaintiff's rights, there had to be a qualified domestic relations order (hereinafter QUADRO) with respect to the defendant's pension (*see,* 29 USC § 1056). However, there was no QUADRO at the time of the defendant's retirement. Although after he retired the defendant obtained a QUADRO naming the plaintiff as the survivor beneficiary of his pension, NYNEX refused to recognize the QUADRO because NYNEX's plan did not permit the substitution of "survivor annuitants". Accordingly, the plaintiff's only remedy, if she be so advised, is to bring a plenary action to recover damages for the defendant's alleged breach of the stipulation.

The court properly declined to grant the plaintiff counsel fees. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.