■ WILLIAM B. WIENERS, Appellant, v JUDITH A. WIENERS, Respondent. [658 NYS2d 952] —In a matrimonial action in which the parties were divorced by judgment entered January 29, 1996, the plaintiff husband appeals, as limited by his brief, from so much of a Qualified Domestic Relations Order of the Supreme Court, Suffolk County (Lifson, J.), dated May 28, 1996, as directed the plaintiff's pension funds to pay the defendant wife's share of his pensions to an "alternate payee".

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal,

and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the Qualified Domestic Relations Order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an amended Qualified Domestic Relations Order in accordance herewith.

On November 1, 1995, the parties entered into a stipulation of settlement in open court resolving, *inter alia,* the disposition of the plaintiff husband's pension. It is well settled that stipulations of settlement, especially those whose terms are placed upon the record in open court, are met with judicial favor. Absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court (*Ruxton v Ruxton,* 181 AD2d 876; *Chirls v Chirls,* 170 AD2d 641). However, contrary to terms of the parties' stipulation, the Qualified Domestic Relations Order (hereinafter QDRO) at issue contained provisions to the effect that should the defendant wife predecease the plaintiff husband, her interest in the pension would be paid to a named "alternate payee". The stipulation does not support a finding that the parties intended such a provision to be included in the QDRO (*cf., Schieck v Schieck,* 138 AD2d 691). Accordingly, any such provisions in the QDRO must be deleted and the Supreme Court, Suffolk County, should enter an amended QDRO conforming to the parties' stipulation (*see, Pizzuto v Pizzuto,* 162 AD2d 443). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.