■ SUSAN KARAFIOL, Appellant, v PAUL KARAFIOL, Respondent. [686 NYS2d 461] —In a matrimonial action in which the parties were divorced by judgment dated December 9, 1988, the plaintiff appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), dated November 24, 1997, which, upon granting the defendant's motion to clarify a prior order of the same court (Murphy, J.), in effect, denied that branch of her cross motion which was to direct the defendant to pay her the cost of the children's private school room and board.

Ordered that the order is affirmed, with costs.

In the parties' stipulation of settlement the defendant agreed to pay the cost of their children's private school. Subsequently, the plaintiff placed her son in a private boarding school and sought to have the defendant pay for the tuition as well as the room and board. The defendant contended that because he was already paying child support, which included funds for the child's room and board, he should not be required to make separate payments for the child's room and board at the school.

The court properly determined that the parties' stipulation of settlement should be interpreted to require payment for tuition alone on the part of the defendant. "It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Slamow v Delcol,* 174 AD2d 725, 726, *affd* 79 NY2d 1016; *see also, W.W.W. Assocs. v Gian-*

*contieri,* 77 NY2d 157). The intent of the parties as evidenced in the stipulation of settlement supports a finding that the parties did not intend the defendant to pay for room and board in addition to the child support payments made by the defendant.

The plaintiff's remaining contentions are not properly before this Court. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.