■ FLORENCE M. BARNA, Appellant, v STEVEN M. BARNA, Respondent. [719 NYS2d 116] —In a matrimonial action in which the parties were divorced by judgment dated July 31, 1998, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Westchester County (Shapiro, J.), entered July 23, 1999, which, *inter alia,* denied those branches of her cross motion which were for an award of interest and reimbursement for alleged losses on her portion of an investment account maintained by the parties, for arrears of certain expenses which the defendant allegedly was directed to pay pursuant to an order of the same court, dated July 24, 1996, awarding her maintenance pendente lite, and for a revaluation of the parties' real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The stipulation of settlement entered into by the parties in open court constituted a contract which should be enforced according to its terms. Since there was no proof of fraud, duress, overreaching, or unconscionability, the Supreme Court properly determined that the plaintiff was not entitled to an award of interest (*see, Wilson v Neppell,* 253 AD2d 493; *Torsiello v Torsiello,* 188 AD2d 523; *Standley v Standley,* 83 AD2d 863). The Supreme Court also properly determined that the plaintiff was not entitled to reimbursement for losses, or for interest attributable to the delay in distributing certain assets.

The Supreme Court properly denied the plaintiff's claim to be reimbursed for certain of her expenses, which she claims are due pursuant to the pendente lite order of maintenance. Arrears due under a pendente lite order may be recovered after a final judgment of divorce, even if the judgment is entered upon a stipulation (*see, Greenberg v Greenberg,* 218 AD2d 558, 559). Public policy considerations require that a party who

fails to comply with a pendente lite order should not be relieved of his or her obligations (*see, Greenberg v Greenberg, supra*). However, the parties may waive arrears due under such an order in their stipulation (*see, Greenberg v Greenberg, supra*). Here, the defendant did not violate the pendente lite order. Rather, the plaintiff is raising additional claims for reimbursement which would first require a factual determination that they are, in fact, covered by the pendente lite order. However, the stipulation specifically provides that "[t]here is a waiver of maintenance. There will be no support or alimony under this agreement." It is apparent that the parties did not contemplate the adjudication of new claims for reimbursement of expenses once they entered into the stipulation. Rather, the parties intended that the stipulation constitute the final resolution of the controversy between them. Accordingly, the plaintiff's claim under the pendente lite order was properly denied.

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.