■ MELVIN J. GIRARDIN, JR., Respondent, v JOAN GIRARDIN, Appellant. [721 NYS2d 672] —In a matrimonial action in which the parties were divorced by a judgment entered November 19, 1999, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), entered July 20, 2000, as denied that branch of her motion which was for leave to enter a judgment against the plaintiff in the sum of $5,610.11 representing child support arrears and an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was for leave to enter a judgment against the plaintiff in the sum of $5,610.11 is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment in favor of the appellant in the sum of $5,610.11.

A matrimonial settlement is a contract subject to principles of contract interpretation (*see, Rainbow v Swisher,* 72 NY2d 106; *Clayburgh v Clayburgh,* 261 NY 464, 469). Where the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence (*see, Rainbow v Swisher, supra*). It is also well settled that a settlement should be interpreted to avoid inconsistencies and to give meaning to all of its terms and provisions (*see, Mir v Mir,* 135 AD2d 690).

Here, the parties' settlement, and an amendment thereto, were incorporated but did not merge into the judgment. Under the terms of this settlement, the plaintiff was initially to pay

child support in the sum of $2,750 per month. This sum was based on the plaintiff's annual income of $125,000. The settlement provided that in the event that the plaintiff's annual income exceeded $125,000, then his child support obligation would be increased by one-half of the "net increase over $125,000" which was defined as the gross income over $125,000, reduced by 38%, representing the plaintiff's tax liability. The settlement further provided that the amount of the plaintiff's child support obligation would be adjusted each year on February 28, commencing on February 28, 2001, in accordance with the percentages set forth in the Child Support Standards Act.

In determining that there could be no increases in child support until February 28, 2001, the Supreme Court failed to give meaning to the provision requiring an increase in child support if the plaintiff's income exceeded $125,000 per year, which unambiguously provided for such increases of child support in the period between the date of the settlement and February 28, 2001. The appellant provided evidence demonstrating that the plaintiff's income in 1999 was $138,258.42. Thus, the plaintiff's child support obligation for 1999 increased by the sum of $4,110.11 (one-half of $13,258.42, less $2,519.09, representing the plaintiff's tax liability of 38%).

In addition, the settlement also unambiguously provided for payment of a reasonable attorney's fee to the party who was required to commence an action to enforce any term thereof. The appellant provided sufficient evidence that a reasonable attorney's fee for making the instant application was $1,500. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.