■ DAVID A. POLLACK, Appellant, v ETTY POLLACK, Respondent. [732 NYS2d 578] —In a matrimonial action in which the parties were divorced by judgment entered January 24, 2000, the plaintiff husband appeals (1) from a decision of the Supreme Court, Westchester County (LaCava, J.), entered June 28, 2000, and (2), as limited by his brief, from so much of a Qualified Domestic Relations Order of the same court, also entered June 28, 2000, as directed that the defendant wife's share in his pension be paid to the two children of the marriage in the event that the defendant wife predeceases him.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Contr. Corp.,* 100 AD2d 509); and it is further,

Ordered that on the Court's own motion, the notice of appeal from the Qualified Domestic Relations Order entered June 28, 2000, is deemed an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the Qualified Domestic Relations Order entered June 28, 2000, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Westchester County, for entry of a Qualified Domestic Relations Order in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On June 4, 1999, the parties entered into a stipulation of settlement in open court resolving, *inter alia,* the disposition of the plaintiff pension. It is well settled that "stipulations of settlement, especially those whose terms are placed upon the record in open court, are met with judicial favor. Absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (*Wieners v Wieners,* 239 AD2d 493, 494). "A stipulation is an independent contract which is subject to the principles of contract law * * * A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole * * * A court should not, under the guise of interpretation make a new contract for the parties" (*McWade v McWade,* 253 AD2d 798, 799). The stipulation does not support the finding that the parties intended that the defendant wife would be entitled to name as beneficiaries the children of the marriage in the event that she

predeceased the plaintiff husband (*see, Wieners v Wieners, supra; see also, McWade v McWade, supra; cf., Schieck v Schieck,* 138 AD2d 691, 692). The parties agreed that the defendant would be entitled to a death benefit. However, there was no discussion of, or provision made for, what would happen in the event that the defendant predeceased the plaintiff. Accordingly, the Qualified Domestic Relations Order (hereinafter QDRO) is reversed insofar as appealed from and the Supreme Court, Westchester County, should enter an amended QDRO conforming to the parties' stipulation (*see, Pizzuto v Pizzuto,* 162 AD2d 443). O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.