■ TERENCE MORAN, Appellant, v KATHLEEN MORAN, Respondent. [736 NYS2d 53] —In a matrimonial action in which the parties were divorced by judgment entered March 3, 1999, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated September 11, 2000, as, upon granting that branch of his motion which was to vacate a Qualified Domestic Relations Order dated March 30, 1999, granted that branch of the defendant former wife's motion which was for a Qualified Domestic Relations Order providing her with a survivorship interest in his pension.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the Qualified Domestic Relations Order dated September 11, 2000, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, to execute a Qualified Domestic Relations Order in accordance herewith.

On April 17, 1998 the parties entered into a stipulation of settlement in open court. The parties were subsequently granted a judgment of divorce entered in the Suffolk County Clerk's Office on March 3, 1999. The stipulation of settlement was incorporated but did not merge into the judgment of divorce. The stipulation of settlement and the judgment of divorce stated only that the parties would share equally in the plaintiff's pension benefits pursuant to the *Majauskas* formula

(*see, Majauskas v Majauskas,* 61 NY2d 481). The documents were silent on survivorship interests.

A matrimonial settlement is a contract subject to the principles of contract interpretation (*see, Rainbow v Swisher,* 72 NY2d 106; *Girardin v Girardin,* 281 AD2d 457). Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence (*see, Rainbow v Swisher, supra*). Absent a showing of fraud, over-reaching, mistake, or duress, the stipulation of settlement should not be disturbed by the court (*see, Barna v Barna,* 279 AD2d 441; *Wieners v Wieners,* 239 AD2d 493).

There were no express provisions for providing survivorship benefits to the defendant in the event that the plaintiff predeceased her. There is nothing in the record indicating that this issue was not fully negotiated before the initial Qualified Domestic Relations Order dated March 30, 1999, was signed. Therefore, the Supreme Court erred when, upon vacating that order, it issued a revised Qualified Domestic Relations Order which would require the plaintiff to provide the defendant with a survivorship interest in his pension (*see, Girardin v Girardin, supra; Barna v Barna, supra*). Altman, J. P., Friedmann, Smith and Adams, JJ., concur.