■ DOROTHY HOWARD, Respondent, v BRUCE HOWARD, Appellant. [740 NYS2d 71] —In a matrimonial action in which the parties were divorced by judgment dated November 15, 1999, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated July 2, 2001, as denied that branch of his motion which was to hold the plaintiff in contempt of court.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A stipulation of settlement is a contract subject to principles of contract interpretation (*see, Rainbow v Swisher,* 72 NY2d 106). It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations (*see, Slamow v Del Col,* 174 AD2d 725, 726, *affd* 79 NY2d 1016; *see also, W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162; *Chimart Assoc. v Paul,* 66 NY2d 570).

Contrary to the appellant's contention, the Supreme Court correctly determined that he agreed that his weekday overnight visitation with the parties' child would end upon the child entering the second grade. Accordingly, there was no basis to grant his motion to hold the child's mother in contempt. Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.