■ DENNIS P. BRENNAN, Appellant, v ELIZABETH BRENNAN, Respondent. [752 NYS2d 557] —In an action, inter alia, for a judgment declaring that article 10 of the parties' stipulation of settlement entered into on August 17, 1981, is void, the plaintiff former husband appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated November 26, 2001, which denied his motion to preliminarily enjoin certain payments of an equitable distribution award pursuant to the stipulation of settlement, and granted the defendant former wife's cross motion to dismiss the complaint and for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for an award of an attorney's fee, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that article 10 of the parties' stipulation of settlement entered into on August 17, 1981, is valid.

The Supreme Court properly denied the plaintiff's motion to preliminarily enjoin certain payments of an equitable distribution award contained in the stipulation of settlement entered into by the parties on August 17, 1981. The plaintiff failed to demonstrate the likelihood of success on the merits, irreparable harm in the absence of injunctive relief, and that the balance of the equities are in his favor (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860).

Further, the Supreme Court properly granted that branch of the defendant's cross motion which was to dismiss the complaint. Stipulations of settlement are favored by the courts and will not be set aside in the absence of fraud, overreaching, mistake, or duress (*see Christian v Christian,* 42 NY2d 63;

*Kourakos v Kourakos,* 245 AD2d 342; *Enright v Vasile,* 205 AD2d 732, 733). There is no basis for vacating the subject provision. A stipulation of settlement is a contract subject to principles of contract interpretation (*see Rainbow v Swisher,* 72 NY2d 106; *Howard v Howard,* 292 AD2d 345; *Moran v Moran,* 289 AD2d 544, 545; *Karafiol v Karafiol,* 259 AD2d 522). Where, as here, the subject provision is clear and unambiguous, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence (*see Rainbow v Swisher, supra*; *Moran v Moran, supra*). The language of article 10 of the stipulation of settlement supports a finding that the parties intended a "distributive award * * * payable * * * over a period of time in fixed amounts" (Domestic Relations Law § 236 [B] [1] [b]). Further, the parties were represented by independent counsel during the negotiations of the stipulation of settlement (*see Beutel v Beutel,* 55 NY2d 957; *Kazimierski v Weiss,* 252 AD2d 481) and they accepted the benefits thereof for 20 years (*see Beutel v Beutel, supra*; *Star v Star,* 260 AD2d 363; *McDougall v McDougall,* 129 AD2d 685, 686).

That branch of the defendant's cross motion which was for an award of an attorney's fee should have been denied. The Supreme Court lacked statutory authority to make such an award under either Domestic Relations Law § 237 or § 238 (*see generally Galyn v Schwartz,* 56 NY2d 969; *Brady v Brady,* 271 AD2d 563; *Philson v Philson,* 74 AD2d 866).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment making a declaration in favor of the defendant (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.