■ MARY SIMMONS, Respondent, v KARL D. SIMMONS, Appellant. [759 NYS2d 688] —In a matrimonial action in which the parties were divorced by judgment dated January 7, 2002, the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated April 15, 2002, which, in effect, denied his motion for leave to enter his proposed qualified domestic relations order.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A stipulation is an independent contract which is subject to the principles of contract law (*see Dreiss v Dreiss,* 258 AD2d 499 [1999]; *McWade v McWade,* 253 AD2d 798 [1998]). A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (*see McWade v McWade, supra*). A court should not, under the guise of interpretation, make a new contract for the parties (*see Sklerov v Sklerov,* 231 AD2d 622 [1996]).

There is no evidence to support a claim that the parties

intended to provide the plaintiff with a survivorship benefit with regard to the defendant's New York State retirement pension in the event of the defendant's death (*see Dreiss v Dreiss, supra*). Since the proposed qualified domestic relations order (hereinafter QDRO) submitted by the plaintiff differed from the QDRO submitted by the defendant only in that it contained paragraphs providing for a survivorship benefit, the court erred in declining to sign the defendant's proposed QDRO and in signing the plaintiff's proposed QDRO. Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.