■ PATRICK BIGLIN, Appellant, v LORRAINE BIGLIN, Respondent. [767 NYS2d 789]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1) from stated portions of a judgment of the Supreme Court, Suffolk County (Pines, J.), entered October 15, 2002, which, inter alia, denied his application for child support, and limited to 10% his award of equitable distribution of the defendant's enhanced earning capacity, and (2), as limited by his brief, from so much of a qualified domestic relations order of the same court dated January 15, 2003, as assigned to the de-

fendant a 50% share of the balance of his 401 (K) plan as of December 31, 1994, together with earnings on the plan from December 31, 1994, until the time the benefits are distributed to the defendant.

Ordered that on the Court's own motion, the appellant's notice of appeal from the qualified domestic relations order is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the qualified domestic relations order is modified, on the law, by deleting from the third decretal paragraph thereof the words "from December 31, 1994, until the benefits are distributed to Alternate Payee"; as so modified, the qualified domestic relations order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in awarding the plaintiff 10% of the defendant's enhanced earning capacity (see *Farrell v Cleary-Farrell,* 306 AD2d 597 [2003]; *Vora v Vora,* 268 AD2d 470 [2000]).

The qualified domestic relations order (hereinafter the QDRO) executed by the Supreme Court is inconsistent with the amended decision and the judgment upon which the QDRO was based. Both the amended decision and the judgment specifically provided that the defendant was entitled to 50% of that portion of the value of the plaintiff's 401 (K) plan earned between April 26, 1980, and December 31, 1994. However, the QDRO provided that the defendant's portion of the 401 (K) plan was to be adjusted for earnings from December 31, 1994, until the date the benefits were distributed to the defendant. Therefore, as the QDRO conflicts with the amended decision and the judgment upon which it was based, the amended decision and the judgment control, and the QDRO must be modified accordingly (see *Pauk v Pauk,* 232 AD2d 386 [1996]; *Di Prospero v Ford Motor Co.,* 105 AD2d 479 [1984]; see also Siegel, NY Prac § 250, at 404 [3d ed]).

The plaintiff's remaining contention is without merit. Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.