▮ JOANNE LABRUSCIANO, Respondent, v WARREN J. LEARY, Appellant. [767 NYS2d 899]—

In a matrimonial action in which the parties were divorced by judgment dated June 18, 2001, the defendant appeals from a judgment of the Supreme Court, Westchester County (Spolzino, J.), entered July 30, 2002, which, upon the granting of the plaintiff's motion for leave to enter a money judgment, is in favor of her and against him in the principal sums of $9,753.74 for arrears and $6,441.05 for an attorney's fee and expenses.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court may enforce a pendente lite order granting maintenance or child support by granting leave to enter a money judgment for arrears pursuant to Domestic Relations Law § 244, even where

the application for such relief is made after the entry of the final judgment in the matrimonial action (*see Patricia Lynn N. v Vincent Michael N.,* 152 AD2d 547, 548 [1989]; *Greenberg v Greenberg,* 218 AD2d 558, 560 [1995]). Here, pursuant to a pendente lite order dated April 19, 2000, the Supreme Court directed the defendant, inter alia, to pay the educational and extracurricular expenses of the children. On May 4, 2001, the parties entered into a stipulation of settlement (hereinafter the stipulation) which provided for the payment of child support and maintenance, among other things. Article XX of the stipulation stated that "the pendente lite order shall merge into the terms of [the stipulation]." However, it further provided that the defendant would continue to make all applicable payments under the pendente lite order until payments due under the stipulation became effective, on July 1, 2001. Thus, contrary to the defendant's contention, the merger of the order into the stipulation did not affect any outstanding obligations under the pendente lite order arising prior to the effective date of the stipulation.

In addition, where, as here, a contract is clear and unambiguous on its face, the intent of the parties must be divined from within the instrument's four corners, and not from extrinsic evidence (*see Rainbow v Swisher,* 72 NY2d 106, 109 [1988]; *Moran v Moran,* 289 AD2d 544, 545 [2001]). The stipulation expressly set forth the defendant's continuing obligation to pay for certain expenses under the temporary order of support until July 1, 2001. Thus, contrary to the defendant's contention, he was not entitled to a hearing to glean the parties' intent regarding this obligation.

It is also well settled that "the meaning and coverage of a release depends on the controversy being settled, and that a 'release may not be read to cover matters which the parties did not desire or intend to dispose of' " (*Gettner v Getty Oil Co.,* 226 AD2d 502, 503 [1996], quoting *Cahill v Regan,* 5 NY2d 292, 299 [1959]). Here, contrary to the defendant's contention, the mutual release of maintenance contained in article IV of the stipulation did not release the defendant's obligations under the pendente lite order or preclude the plaintiff from enforcing it.

Under the circumstances presented, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for an award of an attorney's fee (*see* Domestic Relations Law § 238).

The defendant's remaining contentions are without merit. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.