BRIAN O'BEIRNE, Appellant-Respondent, v DENISE O'BEIRNE, Respondent-Appellant. [773 NYS2d 448]—

In a matrimonial action in which the parties were divorced by judgment entered April 17, 1996, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated January 8, 2003, as denied that branch of his motion which was to amend a qualified domestic relations order and to recoup overpayments to the defendant former wife of pension payments attributable to his postdivorce disability, and the defendant former wife cross-appeals from so much of the same order as denied her cross motion for the imposition of a sanction and an award of an attorneys' fee.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiff to the defendant.

The plaintiff commenced this action for divorce in 1994. On September 7, 1995, after lengthy negotiations between the parties, each of whom was represented by counsel, the parties entered into a 66-page stipulation of settlement. The stipulation

provided for the defendant to receive a percentage of the plaintiff's pension from the New York City Fire Department, which, at the time the stipulation was executed, was not in pay status. The agreement further provided that "the Wife shall be entitled to the same percentage of: (1) all payments resulting from the retirement of the husband under ordinary or accidental disability."

The provisions of the stipulation of settlement were incorporated but not merged into the judgment of divorce entered April 17, 1996. On November 20, 1996, a qualified domestic relations order was filed which provided in pertinent part that "[A]ll payments resulting from the retirement of the Participant under the Ordinary Disability or Accidental Disability provisions of the statute shall be deemed for purposes of this Domestic Relations Order as pension benefits."

On January 8, 2001, the plaintiff suffered an on-the-job knee injury and retired on permanent disability on December 20, 2001. On February 1, 2002, the plaintiff started receiving disability pension benefits.

Thereafter, the plaintiff moved to amend the qualified domestic relations order to provide that the defendant was not entitled to any pension benefits attributable to his disability. The plaintiff contended that the terms of the settlement agreement which provided that the defendant receive a share in disability pension benefits applied only to a disability incurred before the divorce judgment was entered.

The Supreme Court properly held that where the provisions of the contract are clear and unambiguous the court should interpret the contract in accordance with its ordinary meaning (*see Edwards v Poulmentis,* 307 AD2d 1051, 1052 [2003]; *Moran v Moran,* 289 AD2d 544, 545 [2001]; *Girardin v Girardin,* 281 AD2d 457 [2001]). Absent a showing of fraud, overreaching, mistake, or duress, the stipulation of settlement should not be disturbed by the court (*see Moran v Moran, supra* at 545). The plaintiff's argument finds no support in the language of the stipulation of settlement.

The Supreme Court providently exercised its discretion in denying the defendant's cross motion for the imposition of a sanction and an award of an attorneys's fee (*see* 22 NYCRR 202.16 [k]; *Feinstein v Merdinger,* 305 AD2d 115 [2003]; *Koch v Koch,* 134 AD2d 574 [1987]; 22 NYCRR 130-1.1 [a]). Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.