■ MARILYN ERNST, Respondent, v FRANK E. ERNST, Appellant. [777 NYS2d 723]—

In a matrimonial action in which the parties were divorced by judgment dated July 31, 2001, the defendant former husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 12, 2003, as denied his motion, in effect, to value the plaintiff's one-half interest in his savings stock pension plan as

of the date of distribution, and (2) a qualified domestic relations order of the same court, also dated September 12, 2003, as valued the plaintiff's interest in the pension as of April 20, 2001.

Ordered that on the court's own motion, the appellant's notice of appeal from the order is treated as an application for leave to appeal from the qualified domestic relations order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the qualified domestic relations order is modified, on the law, by deleting from the fourth-numbered paragraph thereof the words "April 20, 2001;" and substituting therefor the words "July 31, 2001"; as so modified, the qualified domestic relations order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On April 20, 2001, the parties executed a separation agreement which was subsequently incorporated, but not merged, into a judgment of divorce dated July 31, 2001. The agreement provided, inter alia, for an equal division of the defendant's interest in a savings stock pension plan to be effectuated by a qualified domestic relations order issued contemporaneously with the divorce judgment. The qualified domestic relations order was, however, not issued until September 12, 2003, at which time the defendant former husband moved, in effect, to value the parties' respective distributive awards as of the date of distribution.

Contrary to the defendant's contention, the Supreme Court properly determined that in accordance with the terms of the parties' separation agreement, the plaintiff's distributive share of the pension plan should be valued as of the date of the July 31, 2001, judgment.

"The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein . . . The applicability, to separation agreements, of that fundamental rule, has been affirmed by this court on several occasions" (*Nichols v Nichols*, 306 NY 490, 496 [1954]; *Herr v Herr*, 5 AD3d 550 [2004]). Absent a showing of fraud, overreaching, mistake or duress, a stipulation of settlement should not be disturbed (*see O'Beirne v O'Beirne*, 5 AD3d 572 [2004]). Nor may a court, under the guise of interpretation, imply a provision the parties chose to omit (*see Herr v Herr*,

supra; *Simmons v Simmons,* 305 AD2d 661 [2003]; *Dreiss v Dreiss,* 258 AD2d 499, 500 [1999]).

There is no evidence to support the defendant's claim that the parties intended to value the plaintiff's interest in the pension plan upon distribution (*see O'Beirne v O'Beirne, supra; Biglin v Biglin,* 2 AD3d 380, 381 [2003]; *Simmons v Simmons, supra; Moran v Moran,* 289 AD2d 544, 545 [2001]; *Pollack v Pollack,* 288 AD2d 201 [2001]; *Dreiss v Dreiss, supra; McWade v McWade,* 253 AD2d 798, 799 [1998]; *Wieners v Wieners,* 239 AD2d 493, 494 [1997]).

The qualified domestic relations order is, however, inconsistent with the order dated September 12, 2003, separation agreement dated April 20, 2001, and the judgment dated July 31, 2001, in that it contains a valuation date of April 20, 2001, instead of July 31, 2001. The qualified domestic relations order must therefore be modified accordingly (*see Biglin v Biglin, supra* at 381). S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.