■ LINDA KARMIN, Respondent, v IRA KARMIN, Appellant. [796 NYS2d 703]—

In a matrimonial action in which the parties were divorced by judgment dated June 29, 2000, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Berkowitz, J.), dated August 13, 2003, as granted that branch of the plaintiff's motion which, in effect, sought an additional $28,719.86 distribution from his pension and denied those branches of his cross motion which were for an accounting of their son's custodial account and for an attorney's fee.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which, in effect, sought an additional $28,719.86 distribution from the defendant's pension and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof denying that branch of the cross motion which sought an accounting of the son's custodial account prior to July 12, 2002, and substituting therefor a provision granting that branch of the cross motion, and (3) deleting the provision thereof denying that branch of the cross motion which sought an attorney's fee and substituting therefor a provision holding that branch of the cross motion in abeyance pending the completion of the accounting; as so modified, the order is affirmed insofar as appealed from, with costs.

On April 18, 2000, the parties executed a stipulation of settlement which was subsequently incorporated, but not merged, into a judgment of divorce dated June 29, 2000. The stipulation and judgment each explicitly state, inter alia, that the parties shall equally divide the marital portion of the defendant's accrued benefits in his pension plan "in kind" by means of a qualified domestic relations order pursuant to the *Majauskas* formula (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]).

"The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein . . . Absent a showing of fraud, overreaching, mistake or duress, a stipulation of settlement should not be disturbed (*see O'Beirne v O'Beirne,* 5 AD3d 572 [2004]). Nor may a court, under the guise of interpretation, imply a provision the parties chose to omit" (*Ernst v Ernst,* 8 AD3d 331, 332 [2004] [internal quotation marks omitted]).

Contrary to the conclusion of the Supreme Court, there is no express provision in the parties' agreement which values the plaintiff's interest in the defendant's pension plan as of the commencement of the action. Accordingly, while it is undisputed that the plaintiff received the sum of $74,421.49 from the plan and is to receive another distributive award in the sum of $20,000 to satisfy pendente lite arrears, the Supreme Court erred in directing a further payment of $28,719.86 (*see Simmons v Simmons,* 305 AD2d 661 [2003]; *Moran v Moran,* 289 AD2d 544 [2001]; *Ernst v Ernst, supra*).

The stipulation and judgment also state that custodial accounts which the parties maintained for their son, Brandon, were to be utilized to help defray his education expenses. The plaintiff, as custodian, was obligated to provide the defendant,

who was required to pay the balance, with account statements and related documentation verifying the accounts' disbursements. Following Brandon's death on July 12, 2002, an accounting of his estate was commenced in Surrogate's Court. The Supreme Court erred, however, in denying that branch of the defendant's cross motion which sought an accounting of Brandon's custodial account prior to July 12, 2002.

Since a failure to supply the accounting and the plaintiff's alleged use of uncovered medical providers without the defendant's consent may have constituted defaults under the agreement, the defendant's request for an attorney's fee should have been held in abeyance pending the completion of the accounting. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.