(March 23, 2006)

■ West 111th Street Rehab Associates, Appellant, v Jonathan Poole, Respondent. [812 NYS2d 480]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 21, 2005, which, inter alia, adjudged that plaintiff is indebted to defendant in the sum of $367,616, directed immediate lump-sum payment of $147,046.40 and monthly payments of $6,126.93 commencing May 1, 2005 until the total amount due is paid, and ordered defendant to indemnify and hold plaintiff harmless from any claims made by a third party with respect to these payments, unanimously modified, on the law, the directions that plaintiff make a lump-sum payment and that defendant indemnify and hold plaintiff harmless vacated, and otherwise affirmed, without costs or disbursements, conditioned upon the duly authorized written consent of Rosedale Management Co. in accordance with this decision.

In this action by a limited partnership against a general partner alleging mismanagement, defendant asserted counterclaims seeking repayment of alleged advances made by him and Rosedale Management, a nonparty with which he was affiliated, in connection with the operation of three residential buildings owned by plaintiff. The matter was settled in open court on May 12, 2003, and a stipulation of settlement was placed on the record. The stipulation called for an audit to determine if any sums had been contributed by defendant and/or Rosedale for the maintenance and operation of plaintiff's properties during the period from 1995 to May 2002, and provided that "[o]nce the audit has been completed and a figure arrived at, any sums if any due defendant or Rosedale, shall be paid out by [plaintiff] out of current income at the rate of 20 percent of the sum per year, without interest . . . over a 5 year period." The stipula-

tion further provided that if the "payment due following the audit is not paid out in accordance with this agreement, certainly is not paid off within five years, [defendant] would then have the right to enter judgment for any remaining balance." As the court put it, "The bottom line, if you don't pay you will have a judgment for the amount that's outstanding," and counsel for both parties agreed that "there is no immediate judgment."

In a report dated March 11, 2005, an accounting firm appointed to review plaintiff's books and records determined that defendant and/or Rosedale were due the amount of $367,616. This sum represented $20,000 in loans from Poole and $375,731 in advances from Rosedale during the analysis, with adjustments to the amount of Rosedale's advances for rents it had received and disbursements it had made after the analysis period.

On defendant's motion, the court confirmed the accounting report, adjudged that plaintiff is indebted to defendant in the sum of $367,616 as of May 12, 2003, the date of the stipulation, and directed plaintiff to pay defendant immediately 40% of the total sum due through April 30, 2005, and thereafter the sum of $6,126.93 per month beginning on May 1, 2005 until the remaining balance is paid. Further, the court directed defendant to indemnify and hold plaintiff harmless from any claims made by Rosedale with respect to any payments made by plaintiff to defendant pursuant to the stipulation of settlement. We agree that the auditor's report was properly confirmed but conclude that the order should be modified in other respects.

The direction of an immediate payment of 40% of the total amount due improperly accelerates the payment period and thus violates the stipulation. Underlying that direction is a determination that the five-year payout period commences with the date of the stipulation rather than the date of the accounting report. While the stipulation does not expressly provide that the payout is to commence as of the date of the auditor's report, the provision that "[o]nce the audit has been completed and a figure arrived at, any sums . . . due . . . shall be paid out . . . of current income at the rate of 20 percent of the sum per year" comes close enough. Thus, since the auditor's report was completed on March 11, 2005, that is the date on which the payout should have commenced.

In urging that the five-year period commences as of the date of the stipulation, defendant asserts that since, "as a matter of fact and logic," payment cannot commence until the amount is computed, the quoted language does not establish the intent of

the parties as to the commencement date. There is, however, no support in the stipulation for the construction defendant urges upon us, a construction that is contrary to the meaning the stipulation reasonably conveys (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *see also Bensons Plaza v Great Atl. & Pac. Tea Co.*, 44 NY2d 791 [1978]).

Pointing to the language in the order appealed from "order-[ing] and adjudg[ing] that Plaintiff is indebted to the Defendant in the sum of $367,616.00 as of May 12, 2003," plaintiff contends that the court erred in deeming the sum owed by plaintiff a judgment. It is clear from the record that the stipulation provided for the entry of judgment only if payment is not made "in accordance with this agreement"; the parties did not stipulate to the entry of judgment for amounts not yet due. But the court did not enter judgment for $367,616; the order does nothing more than specify the amount of plaintiff's debt as determined by the audit. Thus, the provision in the order that plaintiff is indebted in the sum of $367,616 is not erroneous.

As to plaintiff's contention that defendant should receive only the amount he is due and Rosedale should receive the amount it is due, defendant asserts that the affidavit from Elizabeth Crane, Rosedale's vice president, memorializing Rosedale's "consent that all of the monies ($367,616.00) currently due should be paid directly to [defendant]," is in effect an assignment to defendant of Rosedale's rights to any portion of the amount plaintiff owes. It is not clear from the Crane affidavit that she has the authority to bind Rosedale. Nor is there anything to indicate that Rosedale has released plaintiff from any liability plaintiff may have to Rosedale. Thus, payment to defendant of the entire sum due should be conditioned on defendant obtaining Rosedale's consent, in writing, that such payment to defendant discharges plaintiff's liability to Rosedale with respect to sums contributed by Rosedale for the maintenance and operation of plaintiff's properties during the period from 1995 to May 2002.

The provision in the order requiring defendant to indemnify and hold plaintiff harmless from any claims made by Rosedale with respect to any payments made by plaintiff to defendant pursuant to the stipulation was not a part of the stipulation, but rather a new term as to which the parties never agreed. The court should not have made a new contract for the parties (*Simmons v Simmons*, 305 AD2d 661 [2003]). Further, there is no showing of defendant's ability to honor such indemnification obligation. At the same time, there is no justification for imposing on plaintiff the risk of whether Elizabeth Crane's represen-

tation constituted an assignment to defendant of Rosedale's claims. In any event, in light of our determination to condition payment of the total amount due to defendant on the written duly authorized consent of Rosedale, the indemnification provision would no longer serve any useful purpose. Accordingly, the indemnification provision should be vacated. Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.