■ VICKI GREENBERG, Respondent, v RANDY GREENBERG, Appellant. [829 NYS2d 626]—

In a matrimonial action in which the parties were divorced by judgment entered January 5, 1998 the defendant appeals, as limited by his notice of appeal and brief, from so much of a money judgment of the Supreme Court, Nassau County (Iannacci, J.), entered August 24, 2006, as, upon an order of the same court dated January 25, 2006 granting those branches of the plaintiff's motion which were for arrears in child support and maintenance in the principal sum of $230,000, and for arrears in unreimbursed dental expenses in the principal sum of $15,181, awarded those sums to the plaintiff.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the money judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the money judgment is affirmed insofar as appealed from, with one bill of costs is to the plaintiff.

On August 2, 1995 the parties entered into a stipulation of settlement in this divorce action commenced earlier that year by the plaintiff. On June 10, 1997 the parties entered into a second stipulation in open court (hereinafter the modification) modifying the visitation and support provisions of the earlier stipulation and otherwise confirming its remaining terms. Specifically, the defendant's visitation was modified in view of his relocation to the state of California and, with respect to his support and maintenance obligation, the modification stated, in relevant part: "It is agreed that the defendant shall pay to the plaintiff a sum equal to the net sum received from the company known as G-3 Incorporated until such time as the plaintiff reaches the age of 65 years old. In no year shall that sum be less than $180,000 per year.

G-3 Incorporated (hereinafter G-3) was one of several companies in which the defendant had an interest and one of at least two from which he received a salary. According to the defendant, in the third quarter of 1999, G-3 merged into X-Cel Corporation (hereinafter X-Cel), a Massachusetts company, and G-3 ceased to exist. The defendant contends, as he did before the Supreme Court, that, under the modification, the obligation to the former wife for the payment of support and maintenance became the obligation of G-3. He further contends, in substance, that, to the extent that arrears exist for the period between June 10, 1997, when the modification was entered, and late 1999, when G-3 merged into X-Cel, the support and maintenance arrears were the obligation of G-3 and that, for the period subsequent to G-3's merger, there were no arrears because the obligation of G-3 had ceased.

The first and best rule of construction of every contract is that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein (*see Ernst v Ernst*, 8 AD3d 331 [2004]; *Karmin v Karmin*, 19 AD3d 458 [2005]). The question of whether a contract is ambiguous is a question of law for the court (*Argento v Argento*, 304 AD2d 684 [2003]). If the contract is unambiguous the court must give "a practical interpretation to the language employed and the parties' reasonable expectations" (*Matter of Matco-Norca, Inc.*, 22 AD3d 495, 496 [2005] [internal quotation marks omitted]; *see Maury v Maury*, 7 AD3d 585 [2004]).

The Supreme Court rejected the defendant's proffered construction of the modification and awarded the plaintiff a money judgment for arrears in support and maintenance in the principal sum of $230,000. The Supreme Court correctly determined the parties' intent concerning the support and main-

tenance obligation provided for in the modification. As there is no factual dispute evidenced by the record as to the amount due to the plaintiff, the award in the principal sum of $230,000 was proper.

The court's award in the principal sum of $15,181 to the plaintiff for arrears is unreimbursed dental expenses also was proper. The defendant failed to refute the plaintiff's proof before the Supreme Court.

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.