█ LEBA SONNEBERG, Respondent, v MILTON SONNEBERG, Appellant. [834 NYS2d 530]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of

the Supreme Court, Nassau County (Woodard, J.), entered May 26, 2005, as, upon a decision dated August 13, 2004, and an order dated March 2, 2005, awarded him the sum of only $86,748.46 as his distributive share of the proceeds of the sale of the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties' stipulation of settlement provided that the Supreme Court would determine the value of the marital residence and distribute the proceeds from its sale. Having stipulated to have the valuation and distribution decided on the basis of affidavits, without the benefit of a hearing, the defendant waived a hearing on these issues (*see Devivo v Devivo*, 2 AD3d 483 [2003]). Furthermore, the defendant failed to establish fraud so as to warrant vacatur of the stipulation of settlement (*see generally Christian v Christian*, 42 NY2d 63 [1977]; *Cruciata v Cruciata*, 10 AD3d 349 [2004]; *Ernst v Ernst*, 8 AD3d 331 [2004]; *Linder v Linder*, 297 AD2d 710 [2002]).

In valuing and distributing the proceeds of the sale of the marital residence, the Supreme Court properly considered the relevant factors (*see* Domestic Relations Law § 236 [B] [5]; *Hasegawa v Hasegawa*, 290 AD2d 488 [2002]; *Coleman v Coleman*, 284 AD2d 426 [2001]; *Guneratne v Guneratne*, 214 AD2d 871 [1995]).

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.